IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mary Lashieka Jones, | ) | C/A No. 0:19-1069-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Andrew Saul, Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Mary Lashieka Jones, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted as the named defendant because he became the Commissioner of Social Security on June 17, 2019.

also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider, in sequence:

    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform her past relevant work; and

    (5)    whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 416.920(h).

**ADMINISTRATIVE PROCEEDINGS**

In September 2015, Jones applied for SSI, alleging disability beginning February 28, 2015. Jones's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. A video hearing was held on November 21, 2017, at which Jones appeared and testified and was represented by Christi B. McDaniel, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision on March 7, 2018, concluding that Jones had not been disabled since the application was filed on September 3, 2015. (Tr. 13-21.)

Jones was born in 1977 and was thirty-eight years old on the date the application was filed. She has a high school education and has past relevant work experience as a worker at fast food restaurants and a housekeeper at a YMCA. (Tr. 174.) Jones alleged disability due to depression and diabetes. (Tr. 173.)

In applying the five-step sequential process, the ALJ found that Jones had not engaged in substantial gainful activity since September 3, 2015—the date the application was filed. The ALJ also determined that Jones's history of insulin dependent diabetes mellitus with neuropathy, morbid obesity, major depression disorder, and post-traumatic stress disorder ("PTSD") were severe impairments. However, the ALJ found that Jones did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found, after consideration of the entire record, that Jones retained the residual functional capacity to

> perform light work as defined in 20 CFR 416.967(b) except she should be allowed to alternate to a sitting position once every hour for 5-10 minutes. She can occasionally climb. She should avoid concentrated exposure to work place hazards. She is limited to simple repetitive tasks with only occasional interaction with general public and coworkers.

(Tr. 17.) The ALJ found that Jones had no past relevant work, but that considering Jones's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Jones could perform. Therefore, the ALJ found that Jones had not been disabled since her application was filed on September 3, 2015.

The Appeals Council denied Jones's request for review on February 20, 2019, thereby making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court

disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Jones's issues for this judicial review raise various challenges to the ALJ's residual functional capacity analysis. (Pl.'s Br., ECF No. 15.)

**DISCUSSION[3]**

A claimant's residual functional capacity ("RFC") is "the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 416.945(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting her conclusions with respect to a claimant's residual functional capacity. Further, "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original); see also Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016).

As stated above, the ALJ found that Jones retained the residual functional capacity to

> perform light work as defined in 20 CFR 416.967(b) except she should be allowed to alternate to a sitting position once every hour for 5-10 minutes. She can occasionally climb. She should avoid concentrated exposure to work place hazards.

---

[3] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed *on or after* March 27, 2017. See, e.g., 20 C.F.R. §§ 416.913, 416.927. Because the instant claim was filed prior to that date, all references in the instant Order are to the prior versions of the regulations which were in effect at the time Jones's application for benefits was filed, unless otherwise specified.

> She is limited to simple repetitive tasks with only occasional interaction with general public and coworkers.

(Tr. 17.) Jones argues that the ALJ erred in finding she can perform light work, primarily based on her testimony concerning the effects of her neuropathy, diabetes, and morbid obesity, as well as her need for unscheduled breaks. Jones also argues that the ALJ failed to comply with SSR 96-8p, SSR 85-15, and SSR 14-2p.

In formulating Jones's residual functional capacity, the ALJ first specifically considered Jones's testimony, which she summarized as follows:

> At the hearing, the claimant testified that [s]he is 40 years old with a 12th grade education. [She] stated that [s]he suffered from asthma, diabetes, depression, and anxiety[.] As a result of these impairments, she stated that she cannot walk or stand at one time for more than 30 minutes.[] She has neuropathy in her feet. She has panic attacks and nightmares. She does not sleep well. She has blurred vision at times. She is often dizzy. She takes medication to lessen the impact of the symptoms, but her condition still limits her activities. She relies on her son to do many of the chores around the house.

(Tr. 18.)

However, the ALJ found that "the objective medical evidence testimony and other evidence of record fail to successfully support the allegations made by the claimant." (Id.) The ALJ further found that Jones's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 20.) In reaching this conclusion, the ALJ carefully considered the record in this matter. With regard to Jones's alleged insulin dependent diabetes mellitus with neuropathy, the ALJ observed that in 2014 there was mention of a diagnosis; in 2013 Jones complained of tingling and burning in her feet; in May 2015, her Hbg A1C readings were above twelve and her glucose readings reached 482 mg/dL; in April 2015, Jones presented with hyperglycemia for the first time during an emergency room visit; in 2016, Jones was assessed with moderate neuropathy with numbness

bilaterally in her hands and feet and stable, managed diabetes with use of medication; in 2017, her fasting Hbg A1C reading was 8.3% and her fasting glucose readings was 431 mg/dL; and in late 2017, her Hbg A1C readings were 9.2% and 9.6%. (Tr. 18.) The ALJ further found that, notwithstanding Jones's morbid obesity, she "presented with normal cardiovascular and respiratory systems", had a normal range of motion and normal gastrointestinal system, and had no lymphadenopathy in 2015. (Tr. 18.) In 2017, examination revealed normal heart, lungs, and abdomen and no clubbing, cyanosis, or edema in her extremities. Finally, the ALJ considered Jones's mental impairments, observing that

> there is notation after a physician visit in 2014 that claimant's depression was stable (2F). Her treatment consists of Wellbutrin and Trazadone (2F). Claimant's treating physician identified claimant's thought process intact, thought content appropriate, and mood normal (3F). Both concentration and memory were found adequate in 2015 visits (3F). In a 2016 visit for treatment, the claimant's depression is characterized as mild and claimant reports that functioning is not difficult with her given mental condition (5F). Symptoms reported included diminished interest, fatigue and racing thoughts (5F). However, she denied anxious thoughts, difficulty sleeping, feelings of guilt or loss of appetite (5F). A review of her psychiatric system indicated she was oriented to time, place, person and situation and possessing normal insight and judgment (5F). Claimant underwent a series of treatment visits with the Wellspring Psychology Group, LLC and incorporated several psychotherapeutic interventions in her regimen, including cognitive reframing, exploration of coping patterns and interactive feedback (12F).

(Tr. 19.)

With regard to the opinion evidence, the ALJ gave significant weight to an opinion from Jones's treating psychiatrist, Dr. Heather Sheek, who found that Jones could complete basic activities of daily living; relate to others; and complete simple, routine tasks without difficulty. The ALJ also observed that Dr. Sheek found Jones's mood normal and ability to concentrate adequate. (Id.) The ALJ gave little or partial weight to the state agency consultants' opinions, finding that additional limitations were warranted based on the record as a whole.

Thus, contrary to Jones's arguments, review of the ALJ's opinion as a whole reflects that she sufficiently explained Jones's residual functional capacity assessment and the basis for the limitations and restrictions included in compliance with applicable law, including SSR 96-8p. In fact, the ALJ specifically considered the majority of the evidence that Jones argues warrants further limitations as well as numerous other records demonstrating improvement in Jones's condition. Further, it is clear that the ALJ, as part of her duties in weighing the evidence, properly considered and weighed Jones's subjective complaints. Jones's arguments are essentially asking the court to again analyze the facts and reweigh the evidence presented, and such action is contrary to the substantial evidence standard of review that this court is bound to apply at this stage in the proceedings. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); Blalock, 483 F.2d at 775 (indicating that even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence).

Jones also argues that the ALJ failed to comply with SSR 85-15 by failing to explain how Jones could deal with changes in routine work settings or address Jones's inability to concentrate or be attentive. However, Jones has offered no support or evidence that would support such limitations other than her own testimony, and as explained above, Jones has failed to demonstrate that the ALJ's decision to discount this testimony was unsupported or controlled by an error of law. Moreover, Jones's argument that the ALJ failed to comply with SSR 14-2p by failing to consider the combined impact of her diabetes, neuropathy, and morbid obesity on her ability to work is unsupported. Contrary to Jones's argument, review of the ALJ's decision as a whole

reveals that the ALJ considered these impairments in combination. (See Def.'s Br. at 17-18, ECF No. 17 at 17-18) (providing examples of the ALJ's consideration of these impairments together).

Lastly, Jones, relying on the decision by the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), argues that the ALJ erred by finding "moderate limitations" with regard to Jones's concentration, persistence, or pace at Step Three of the sequential evaluation process, but failing to account for these limitations in the residual functional capacity. In Mascio, the Fourth Circuit held that remand was warranted in part because the ALJ's hypothetical question to the vocational expert was legally insufficient in that it failed to include—without any explanation by the ALJ—the ALJ's finding of moderate limitation on the claimant's ability to maintain concentration, persistence, or pace at Step Three. Mascio, 780 F.3d at 638. The Fourth Circuit stated that it "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Id. (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). However, the Court continued, stating:

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.

Mascio, 780 F.3d at 638 (citation omitted). However, the Fourth Circuit further determined not to impose a categorical or *per se* rule that a finding of moderate limitations at Step three would always result in a specific limitation in the residual functional capacity and held that the determinations

would need to be made on a case-by-case basis.  See Shinaberry v. Saul, __ F.3d __, 2020 WL 908887, at *4 (4th Cir. Feb. 26, 2020).

Here, in formulating Jones's residual functional capacity, the ALJ observed that during visits in 2015, Jones's concentration and memory were found adequate, and the ALJ gave significant weight to Dr. Sheek's finding that Jones could complete basic activities of daily living; relate to others; and complete simple, routine tasks without difficulty.  Thus, unlike in Mascio, the ALJ considered Jones's limitations in this area in formulating her residual functional capacity and explained why she limited Jones to simple repetitive tasks with only occasional interaction with the general public and coworkers.  Accordingly, Jones has failed to demonstrate that the ALJ's findings and mental limitations are not sufficiently explained or unsupported by substantial evidence.

## ORDER

Based on the foregoing, the court finds that Jones has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517.  Therefore, it is hereby

**ORDERED** that the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

March 10, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE